UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KENNETH ASHWOOD,

          Plaintiff,

v.

GENEVIEVE MALONEY et al.,

          Defendants.
_____/

Case No. 2:24-cv-83

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2).

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Eighth Amendment claim against Defendant Marsh for failure to state a claim upon which relief may be granted. Plaintiff's state law claim that Defendant Marsh violated a policy directive will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction

over that claim. The Court will also dismiss Plaintiff's claims for damages against remaining Defendants Maloney, Cook, and Jones in their official capacities. The following claims against Defendants Maloney, Cook, and Jones remain in the case: (1) Plaintiff's Eighth Amendment official capacity claims seeking injunctive relief; and (2) Plaintiff's Eighth Amendment personal capacity claims seeking damages and injunctive relief.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County Michigan. The events about which he complains occurred there. Plaintiff sues the following URF employees in their official and personal capacities: medical provider Genevieve Maloney, Registered Nurse Jodi Cook, Registered Nurse/Dietitian Elizabeth Marsh, and Registered Dietitian Kristen Jones.

Plaintiff alleges that for the past year, he has been classified as a "chronic high blood pressure patient." (Compl., ECF No. 1, PageID.3.) Plaintiff was initially prescribed 5 mg of Amlodipine for his condition. (*Id.*) Plaintiff's blood pressure continued to rise, and Defendant Maloney increased the dosage to 10 mg. (*Id.*) Plaintiff requested a no medication option. (*Id.*) Defendant Maloney told Plaintiff that he could "send the dietitian a kite but doubt[ed] that [Plaintiff] would get the diet and, therefore, did not recommend that [Plaintiff] be provided a low sodium diet." (*Id.*)

Plaintiff subsequently sent a kite to health care, stating that he was not receiving a 2,600-calorie diet because about 75% of the provided diet consisted of "bad carbohydrates and empty calories." (*Id.*) Plaintiff explained that he had low energy on a daily basis, "affecting [his] ability and desire to exercise." (*Id.*) Plaintiff contends that as a result, he developed high blood pressure, which he cannot adequately manage by "eat[ing] right" and exercising. (*Id.*) Defendant Cook

responded to Plaintiff's kite, stating: "You are able to select meals from options available. You are encouraged to make the most healthy food decisions available to you at this time." (*Id.*) Plaintiff contends that because Defendant Cook is not a dietitian, she "is not qualified to issue such a plan of action." (*Id.*)

Plaintiff sent another kite requesting a low sodium diet. (*Id.*) Defendant Marsh responded, telling Plaintiff that his request had been forwarded to the dietitian. (*Id.*) According to Plaintiff, Defendant Marsh violated MDOC Policy Directive 04.07.100 because all medical diets must be recommended by a medical provider. (*Id.*) Plaintiff states that because his kite was not sent to the provider, he was denied the provider's recommendation for a medical diet. (*Id.*)

Defendant Jones responded to the kite that was forwarded by Defendant Marsh. (*Id.*, PageID.4.) As part of that response, Defendant Jones included a list of foods from commissary with high sodium content that Plaintiff should avoid. (*Id.*) She also noted what foods Plaintiff could eat from the main chow line. (*Id.*) Defendant Jones instructed Plaintiff to stay away from all processed meats, canned vegetables, gravy, canned tomato products, and spaghetti sauce. (*Id.*) Plaintiff claims, however, that about "80% to 90% of the main line consist[s] of foods that [he] cannot eat." (*Id.*)

Based on the foregoing, Plaintiff asserts Eighth Amendment deliberate indifference claims against all Defendants. The Court also construes Plaintiff's complaint to assert a claim regarding the violation of Policy Directive 04.07.100 against Defendant Marsh. Plaintiff seeks injunctive relief in the form of a low-sodium diet, as well as damages. (*Id.*, PageID.6.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A.     Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As noted *supra*, Plaintiff alleges that Defendants violated his Eighth Amendment rights by not recommending that he receive a low-sodium diet for his high blood pressure.

4

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is

5

incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

"[I]t is clearly established that the prison must provide adequate nutrition to prisoners," and that a failure to do so is an Eighth Amendment violation. *See Welch v. Spaulding*, 627 F. App'x 479, 484 (6th Cir. 2015). Plaintiff avers that Defendants violated his Eighth Amendment rights by refusing to accommodate his medical dietary needs, causing him to be unable to adequately eat.

### 1.    **Defendant Marsh**

With respect to Defendant Marsh, Plaintiff's sole allegation is that she forwarded his one kite requesting a low-sodium diet to the dietitian instead of a medical provider. (Compl., ECF No. 1, PageID.3.) According to Plaintiff, Defendant Marsh should have sent the kite to a medical provider first, because the medical provider's recommendation is needed for a dietitian to begin a medical diet. Section 1983 liability, however, cannot be imposed simply because an individual failed to act based upon information contained in a kite or grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff's complaint is devoid of any facts that would permit the Court to infer that Defendant Marsh was deliberately indifferent to Plaintiff's needs. Indeed, Defendant Marsh did not deliberately fail to act. Rather, she forwarded Plaintiff's kite to Defendant Jones to consider Plaintiff's request. Plaintiff's Eighth Amendment claim against Defendant Marsh will, therefore, be dismissed.

### 2. Defendants Maloney, Cook, and Jones

With respect to Defendants Maloney, Cook, and Jones, Plaintiff contends that they were aware of his high blood pressure but refused to consider issuing a low-sodium diet order. According to Plaintiff, these individuals were aware that Plaintiff could not consume many of the foods on the main chow line because they are high in sodium. In their roles as medical providers and dietitian, Defendants Maloney, Cook, and Jones would have responsibility for ensuring that Plaintiff received adequate calories and nutrition. Plaintiff's complaint implies that these Defendants were aware that Plaintiff was not receiving adequate nutrition and failed to correct such. While Plaintiff has by no means proven deliberate indifference, taking his allegations as true and in the light most favorable to him, the Court will not dismiss Plaintiff's Eighth Amendment claims against Defendants Maloney, Cook, and Jones at this time.

As noted above, Plaintiff has sued Defendants in their official and personal capacities. Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979),

7

and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks damages, as well as injunctive relief in the form of a low-sodium diet. Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's claims for monetary damages against Defendants Maloney, Cook, and Jones in their official capacities.

An official capacity action seeking declaratory and injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Here, Plaintiff's complaint suggests that Defendants Maloney, Cook, and Jones have still not provided a low-sodium diet to Plaintiff for his high blood pressure. Accordingly, Plaintiff's claims for injunctive relief may not be dismissed at this time.

In sum, while Plaintiff has stated plausible Eighth Amendment claims against Defendants Maloney, Cook, and Jones, he cannot maintain his official capacity claims for damages against

them. Accordingly, such claims will be dismissed. Plaintiff may proceed on his Eighth Amendment claims for damages and injunctive relief against Defendants Maloney, Cook, and Jones in their personal capacities, as well as his claims for injunctive relief against Defendants Maloney, Cook, and Jones in their official capacities.

### B. Violation of Policy Directive 04.07.100

Plaintiff alleges that Defendant Marsh violated MDOC Policy Directive 04.07.100 by not forwarding Plaintiff's request for a medical diet to a medical provider. (Compl., ECF No. 1, PageID.3.) Claims under § 1983, however, can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law or prison policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *see also Laney v. Farley*, 501 F.3d 577, 580–81 & n.2 (6th Cir. 2007). Additionally, courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney*, 501 F.3d at 581 n.2; *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164; *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Plaintiff's allegation that Defendant Marsh violated MDOC Policy Directive 04.07.100, therefore, fails to raise a cognizable federal constitutional claim.

Plaintiff may be seeking to invoke this Court's supplemental jurisdiction over his policy directive claim. Ordinarily, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction, and the federal claims are dismissed prior to trial, the court will dismiss the remaining state law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383

U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the Court has determined that Plaintiff's Eighth Amendment claim against Defendant Marsh is subject to dismissal. Accordingly, the Court will dismiss Plaintiff's policy directive claim against Defendant Marsh without prejudice.

## Conclusion

The Court will grant Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2). Having conducted the review required by the PLRA, Plaintiff's Eighth Amendment claim against Defendant Marsh will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c). Plaintiff's state law claim that Defendant Marsh violated MDOC Policy Directive 04.07.100 will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over that claim. The Court will also dismiss Plaintiff's claims for damages against remaining Defendants Maloney, Cook, and Jones in their official capacities. The following claims against Defendants Maloney, Cook, and Jones remain in the case: (1) Plaintiff's Eighth Amendment official capacity claims seeking

injunctive relief; and (2) Plaintiff's Eighth Amendment personal capacity claims seeking damages and injunctive relief.

An order consistent with this opinion will be entered.

Dated:  May 29, 2024              /s/ Jane M. Beckering
                                  Jane M. Beckering
                                  United States District Judge